```
       IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
_____

RONALD CLARK,                      )
                                   )
         Petitioner,               )    Case No. 2:04-CV-1022 TS
                                   )
    v.                             )    District Judge Ted Stewart
                                   )
WARDEN LA BOUNTY et al.,           )    **MEMORANDUM DECISION**
                                   )
         Respondents.              )    Magistrate Judge Brooke Wells
_____
```

Petitioner, Ronald Clark, an inmate at Utah State Prison, petitions for habeas corpus relief.[1] The Court denies him.

BACKGROUND

Petitioner's final judgment of conviction was entered March 11, 2002. He was convicted of one first-degree-felony count of possession of controlled substance precursor and/or lab equipment or supplies with intent to engage in clandestine lab operations, for which he was sentenced to five years to life; one second-degree-felony count of possession of a controlled substance with intent to distribute, for which he was sentenced to one-to-fifteen years; and one count of possession of drug paraphernalia, for which he was sentenced to 180 days.

Petitioner filed a direct appeal in the Utah Supreme Court. On March 26, 2004, the supreme court rejected his arguments that his trial counsel was ineffective because he did not challenge unqualified expert testimony and other testimony offering

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

inappropriate legal conclusions.  Petitioner brought no state post-conviction petition.

In his original pro se petition here, Petitioner raised several grounds for federal habeas relief.  The first two are those brought before the Utah Supreme Court.  Others involve further ineffective assistance claims:  trial counsel's conflict of interest arising from trial counsel's own criminal proceedings and trial counsel's failure to challenge the prosecution's introduction of over sixty pieces of physical evidence; and appellate counsel's failure to raise the issue of trial counsel's failure to challenge that introduction of evidence.  A final ground is prosecutorial misconduct in closing arguments.

The State responded to the original petition, arguing that all grounds--except the first two brought before the Utah Supreme Court--were unexhausted and are procedurally defaulted. Petitioner then engaged counsel who filed a reply memorandum, in which he contends that the two specific ineffective-assistance claims brought before the supreme court sufficed to exhaust any and all other ineffective-assistance claims.  Counsel went on to file a "Memorandum in Support of Petition," in which he asserts about thirty-five other instances of ineffective assistance, spanning from pretrial through trial.

ANALYSIS

I.  Exhaustion and Procedural Default

The State is correct.  All issues brought by Petitioner--except the first two raised before the Utah Supreme Court--were unexhausted and are procedurally barred.

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts.[2]  This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[3]  Here, Petitioner did not specifically present his other issues--additional ineffective-assistance-of-counsel claims and prosecutorial misconduct--to the highest Utah court available, the Utah Supreme Court.

Still, Petitioner argues that his state appellate arguments raising two ineffective-assistance claims somehow included and exhausted any and all further possible future ineffective-assistance claims.  Petitioner is mistaken.  "'A claim has been exhausted when it has been "fairly presented" to the state court.'"[4]  To fairly present a claim, the petitioner must have

---

[2]*See* 28 U.S.C.S. § 2254(b) & (c) (2008); *Picard v. Connor*, 404 U.S. 270, 275-76; *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28231, at *5 (10th Cir. Nov. 9, 1998).

[3]*See Picard*, 92 S. Ct. at 512-13; *Knapp*, 1998 U.S. App. LEXIS 28231, at *5-8.

[4]*Heckard v. Tafoya*, No. 03-2087, 2007 U.S. App. LEXIS 2206, at *14 (10th Cir. Jan. 30) (unpublished), *cert. denied*, 127 S. Ct. 3018 (2007) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quoting *Picard*, 404 U.S. at 275)).

"'raised the substance of the federal claim.'"[5]  This requires that the claim be "'presented to the state courts under the same theory in which it is later presented in federal court.'"[6]  Thus, "habeas petitioners fail to exhaust state remedies where the basis of their state-court ineffective-assistance claim differs from that of their federal ineffective-assistance claim."[7]

Under these standards, Petitioner clearly did not "fairly present[] and g[i]ve notice" to the Utah courts of his additional ineffective-assistance-of-counsel claims or his prosecutorial misconduct claim.[8]  Thus, Petitioner did not exhaust these claims.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his

---

[5] *Id.* (quoting *Bland*, 459 F.3d at 1011).

[6] *Id.* at *14-15 (quoting *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)).

[7] *Id.* at *15 (citing *Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) ("Although petitioner raised an ineffective assistance of counsel claim on direct appeal, he based it on different reasons than those expressed in his habeas petition. Indeed, petitioner has not properly raised before the state courts any of the bases upon which his current ineffective assistance of counsel claims rely. Thus, petitioner has failed to exhaust his ineffective assistance of counsel claims.") (citing *Lambert v. Blackwell*, 134 F.3d 506, 517 (3d Cir. 1998) (determining ineffective-assistance claim unexhausted when petitioner asserted different basis for claim in state courts than presented in federal habeas petition); *Lanigan v. Maloney*, 853 F.2d 40, 45 (1st Cir. 1988) (same); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (determining claims unexhausted when petitioner made general allegations of ineffective assistance to state court and more specific allegations in federal habeas court))).

[8] *See Knapp*, 1998 U.S. App. LEXIS 28232, at *8.

claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[9]

Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal."[10]  The additional grounds Petitioner raises could have been brought on direct appeal, and are, therefore, now ineligible for state post-conviction relief.

The PCRA further states that a state petition for post-conviction relief must be filed within one year of "the last day for filing a petition for writ of certiorari in the . . . United States Supreme Court, if no petition for writ of certiorari is filed."[11]  So, even if Petitioner were to try now to file a state post-conviction-relief petition to effect exhaustion, the statute of limitation has run out and such a petition would not be accepted.  It appears no petition for writ of certiorari was filed in the United States Supreme Court after the Utah Supreme

---

[9] *Thomas*, 218 F.3d at 1221 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

[10] Utah Code Ann. § 78-35a-106(1) (2007); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .").

[11] Utah Code Ann. § 78-35a-107 (2007).

Court decision on March 26, 2004.  Time to do so expired around June 24, 2004.  Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred.

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[12]  Petitioner has argued neither cause and prejudice nor a fundamental miscarriage of justice to justify his procedural default.

In sum, the Court determines Petitioner raised neither the additional ineffective-assistance issues nor the prosecutorial misconduct issue before the Utah Supreme Court.  Because under state law those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case.  Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default.

II.  Exhausted Ineffective-Assistance-of-Counsel Issues

The Court addresses the remaining two issues here:  Whether Petitioner's trial counsel provided ineffective assistance when

---

[12] *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted).

he failed to challenge (1) the testimony of a Department of Child and Family Services employee about the presence of signs of methamphetamine (meth) use and manufacture when she visited Petitioner's home; and, (2) the testimony of a police detective in which he, according to Petitioner, gave inappropriate legal conclusions, such as suggesting certain items of evidence had no legitimate alternative use and had to be meth-related.

### A.  Standard of Review

Section 2254, under which this habeas petition is filed, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.[13]

Under § 2254(d)(1), then, this Court may grant habeas relief only when the state court has formed "a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the

---

[13] 28 U.S.C.S. § 2254(d) (2008).

petitioner's case."[14]  This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state decision erroneously applied clearly established federal law.[15]  "'Rather that application must also be unreasonable.'"[16]

Finally, "[i]t is, of course, well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of habeas."[17]  This Court must "give effect to state convictions to the extent possible under law."[18]  Still, "errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ."[19]

      B.   Application of Standard of Review

In challenging the Utah Supreme Court's conclusion that trial counsel's performance was not ineffective, Petitioner is

---

[14] *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

[15] *See id.*

[16] *Id.* (quoting *Williams*, 529 U.S. at 411).

[17] *Williams*, 529 U.S. at 375.

[18] *Id.* at 386.

[19] *Id.* at 375.

attacking a legal conclusion[20] involving the application of United States Supreme Court precedent.

The Court thus reviews the Supreme Court precedent used by the state court and how it was applied.  First, Petitioner has not identified any Supreme Court "case with a materially indistinguishable set of facts" to this one.[21]  Nor has he suggested that the state court made a decision opposite to a Supreme Court decision on a question of law.  And, this Court has not found any such precedent in its own research.

Meanwhile, the state court here clearly selected the correct governing legal principle with which to analyze the ineffective-assistance-of-counsel issue.[22]  It is the familiar two-pronged standard of *Strickland v. Washington*[23]:  Petitioner was first required to show that his counsel performed deficiently--i.e., he had to show that his counsel's errors were so serious that counsel was not operating as the counsel pledged Petitioner by the Sixth Amendment.[24]  This is measured by a standard of

---

[20]*State v. Clark*, 89 P.3d 162, 163 (Utah 2004) ("[These] ineffective assistance of counsel claim[s] raised for the first time on appeal present[] a question of law.").

[21]*Walker*, 228 F.3d at 1225.

[22]*Clark*, 89 P.3d at 163 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[23]466 U.S. at 668.

[24]*Id.* at 687.

"reasonableness under prevailing professional norms."[25] Secondly, Petitioner needed to show that his defense was prejudiced by his counsel's deficient performance.[26] This meant showing that the errors were so grave as to rob him of a fair trial, with a reliable, just result.[27]

The remaining question then is whether the state supreme court "unreasonably applied th[is] governing legal principle to the facts of the petitioner's case."[28] To challenge a decision as unreasonably applying clearly established federal law, "a petitioner must show the state court's application of federal law was 'objectively unreasonable,' which means 'most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law.'"[29] Further, it is insufficient to show "'that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by

---

[25] *Id.* at 688.

[26] *Id.* at 687.

[27] *Id.*

[28] *Walker*, 228 F.3d at 1225.

[29] *Smith v. Dinwiddie*, No. 06-5116, 2007 U.S. App. LEXIS 28797, at *10 (10th Cir. Dec. 12, 2007) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1819 (2007)).

the record, or so arbitrary as to be unreasonable.'"[30]

In analyzing this issue, this Court must keep in mind the Supreme Court's directive from *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction . . ., and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .[31]

Thus, "a petitioner raising an ineffective-assistance-of-counsel claim carries a 'heavy burden'" to show otherwise[32]--"'that *no* competent counsel would have taken the action that his counsel did take.'"[33] And, this is heaped atop the already heavy burden of the habeas standard of review. Indeed, Petitioner faces a

---

[30]*Id.* (quoting *Maynard*, 468 F.3d at 671) (internal quotation marks omitted).

[31]*Strickland*, 466 U.S. at 689 (citation omitted).

[32]*Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002) (citation omitted).

[33]*Id.* at 1049 (quoting *Chandler v. United States*, 218 F.3d 1305, 1315-16 (11th Cir. 2000) (en banc)) (emphasis added).

formidable task in trying to convince this Court of his counsel's ineffective assistance.

### 1. Deficient Performance?

The Court begins with *Strickland*'s first prong. The state-court analysis under review is as follows:

> First, we are not persuaded that defense counsel's performance was objectively deficient. While there may have been grounds to object to Milburn's and Davis's testimony under Rules 701, 702, or 704 of the Utah Rules of Evidence, defense counsel may well have made a reasonable tactical choice when he did not object. Given the great volume of evidence introduced to the court, including the presence of sixty-nine materials consistent with meth production at defendant's home, defense counsel could reasonably have seen little value in objecting to testimony addressing only a small portion of the evidence. Also, it is clear from the record that defense counsel primarily drew upon Milburn and Davis's testimony in formulating its strategic defense--an attempt to create reasonable doubt by pointing out all of the legal uses for the substances identified. Finally, when defense counsel permitted Davis's assertions regarding the homemade vent tube and the butane torch, it gave him considerable leverage in discrediting that testimony during cross-examination. This court will not question defense counsel's actions because defendant has failed to prove that his counsel had no "conceivable tactical basis" for his actions.[34]

To prevail, Petitioner must meet his burden of "overcom[ing] the 'presumption that, under the circumstances, the challenged

---

[34] *Clark*, 89 P.3d at 164 (footnote omitted).

action "might be considered sound trial strategy."'"[35] Petitioner has offered no argument whatsoever to this end. And, based on its research, the Court is unconvinced that the Utah Supreme Court has misapplied the first prong of *Strickland* in observing the possible tactical bases supporting counsel's decision not to challenge the witnesses' testimony here.

2. Prejudice?

Although it is enough that the Court has decided against Petitioner on the deficient-performance prong, the Court also evaluates the prejudice prong, as an alternative basis to deny Petitioner's habeas petition. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[36]  Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[37]  The question, then, is, did the state habeas court unreasonably apply the second prong of *Strickland* in determining trial counsel's performance was not ineffective?

---

[35] *Bell v. Cone*, 535 U.S. 685, 698 (2002) (quoting *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955))).

[36] *Strickland*, 466 U.S. at 691.

[37] *Id.* at 694.

This Court now reviews the following state-court analysis:

> [D]efendant failed to establish a reasonable probability of a different outcome had his trial counsel objected to Milburn's and Davis's testimony.  It is highly unlikely that the verdict would have been different had the trial court modified or withheld Milburn's and Davis's testimony.  Through other witnesses, the State presented testimony establishing that defendant had sold meth and stashed his portable meth lab at a friend's house.  It also submitted evidence that sixty-nine materials consistent with meth production were found on defendant's premises.  Finally, the State showed that meth, in both powder and liquid form, and meth precursors, were found on the premises.
> 
> Thus, even absent Milburn's and Davis's testimony, the State presented overwhelming evidence of defendant's guilt.  It is highly unlikely that defendant's trial counsel's failure to object to Milburn's and Davis's testimony affected the jury verdict.[38]

Reviewing the record, the Court determines the state habeas court did not unreasonably apply *Strickland*'s rule.  As the state supreme court indicates above, the testimony Petitioner wishes his counsel had prevented or mitigated paled in its inculpatory nature compared to the other overpowering evidence presented by the State.

## CONCLUSION

Most of Petitioner's claims are procedurally barred; these include his prosecutorial-misconduct claim and all but two of his ineffective-assistance-of-counsel claims.  The two remaining

---

[38] *Clark*, 89 P.3d at 164.

exhausted ineffective-assistance claims--regarding witness testimony--are without merit.  IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 31st day of January, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge